IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:25-cr-125 |
| v. | ) | |
| HENRY J. SCHAPPERT, | ) | UNITED STATES' SENTENCING MEMORANDUM |
| Defendant | ) | |

During the COVID-19 pandemic, Defendant obtained multiple disaster relief loans on behalf of his company, Allied Exteriors. These first loans went so well Defendant decided to apply for a second. But this time, Defendant decided to lie. He lied about his number of employees, wages he paid them, and his company's revenue. He submitted false IRS Forms and tax documents to cover his tracks. All to grossly inflate the size of his business and obtain a much larger loan. And it worked. Defendant got the money and promptly used it to start a new business, Pots and Shots. Approximately two years later, Defendant filed for bankruptcy and his lies continued. He tried to cover up the existence of Pots and Shots—which he had sold shortly before. He hid his bank accounts. His income.

Sentencing is set for Thursday, October 1, 2026, at 10:00 a.m. The government will request that, based on all the relevant factors, the Court should sentence Defendant to 38-months of imprisonment to be followed by 3 years of supervised release.

## I. PROCEDURAL BACKGROUND

On November 13, 2025, Defendant was charged with two counts of making a false statement on a loan application (Counts 1 and 2) and one count of making a false declaration in a bankruptcy proceeding (Count 3). (ECF 2.) On June 1, 2026, Defendant pleaded guilty to Counts 2 and 3 pursuant to a plea agreement. (ECF 25; ECF 28.) As part of his plea, Defendant agreed to pay restitution as ordered by the Court. (ECF 25, 9.) The government agreed to dismiss Count 1 at sentencing. (*Id.* at 1.) This Court accepted Defendant's plea and adjudicated him guilty. (ECF 34.)

A draft presentence investigation report (PSR) was filed on July 31, 2026. (ECF 35.) Both parties filed objections to the draft PSR. (ECF 36; ECF 39.) An objection meeting was held, and both parties' objections were largely resolved, including objections relating to the guidelines calculation.

A final PSR was filed on September 21, 2026. (ECF 40, hereinafter the "Final PSR.") The Final PSR calculates Defendant's advisory guidelines range as follows:

| | |
|---|---|
| Base offense level (§2B1.1(a)(1)) | 7 |
| Loss (§2B1.1(b)(1)(H)) | +14 |
| Fraud in bankruptcy proceeding (§2B1.1(b)(9)(B)) | +2 |
| Fraud in connection with disaster relief (§2B1.1(b)(12)) | +2 |
| Offense Level: | 25 |
| Acceptance of responsibility: | -3 |
| Zero point offender: | -2 |
| Total Offense Level: | 20 |
| Criminal History Category | I |
| Advisory Guidelines Range | 33-41 months |

(Final PSR ¶¶ 48-59, 115.) At the sentencing hearing, this Court will need to determine Defendant's ultimate sentence and award restitution.

## II. The government requests a $265,567 order of restitution.

In May 2021, Defendant received a $265,567.00 PPP loan from the Small Business Administration because of false statements he made on his loan application. (Final PSR ¶¶ 21-23.) As of this date, none of those funds have been repaid. (*Id*. at ¶ 42.) Defendant agrees he must pay restitution and the government requests an order of $265,567.00.

## III. The sentencing factors in 18 U.S.C. § 3553(a) support a 38-month term of imprisonment followed by a 3-year term of supervised release.

Over the course of three years, Defendant repeatedly lied to banks, the SBA, and his creditors. He stole money intended for businesses jeopardized by the COVID-19 pandemic. He used that money—not to offset harm his business suffered—but instead to start a new venture which he then surreptitiously transferred to his wife. And then, when debts began to mount, he filed for bankruptcy and flagrantly lied to the United States Trustee and his creditors, attempting to conceal his income, businesses, and financial accounts.

First, Defendant's lies to banks and the SBA. In the spring of 2020, in the throes of the COVID-19 pandemic, Defendant applied for and received an EIDL and PPP loan for his business, Allied Exteriors. (*Id*. at ¶¶ 13-17.) On these initial applications, Defendant appears to have been relatively honest about Allied Exteriors' financials and employees. (*Id*. at ¶¶ 13-17, 25.)

But Defendant got greedy; the $165,000 he had gotten wasn't enough for him. So, in April and May 2021, Defendant submitted an amended EIDL application and a second PPP loan application to U.S. Bank. (*Id*. at ¶¶ 18-23.) On both applications,

Defendant blatantly and repeatedly lied. He quadrupled Allied Exterior's alleged gross revenue. (*Id.* at ¶¶ 19, 21.) He doubled the number of its employees. (*Id.* at ¶ 21.) And he more than doubled its alleged cost of goods sold. (*Id.* at ¶ 19.)

Attempting to substantiate these wild overstatements, Defendant doubled down. He doctored IRS Forms 941 purporting he had paid nearly $150,000 in wages during the last two quarters of 2019. (*Id.* at ¶ 22.) And he conjured up 2019 and 2020 Schedule Cs reflecting dramatically inflated gross receipts, cost of goods sold, and labor and wage costs. (*Id.*) The IRS Forms 941 directly contradicted forms Defendant actually submitted to the IRS, and he didn't submit 2019 and 2020 Schedule Cs to the IRS at all. (*Id.* at ¶ 28.)

As a result of all these lies, the SBA agreed to pay out a $265,000 PPP loan to Defendant. (*Id.* at ¶ 23.) Thankfully, the amended EIDL application didn't result in Defendant being paid out anything on top of his prior $150,000 EIDL, although Defendant certainly tried. (*Id.* at ¶¶ 18-20.)

But perhaps, despite the lies, Defendant still used the money to pay employee wages and keep Allied Exteriors afloat? No. He turned around and used the money to start a new business: Pots and Shots. (*Id.* at ¶¶ 31-33.) The guidelines don't account for this misuse of the funds on top of the lies to get the funds in the first place. Nor do they account for the attempt to either increase or get a second EIDL.

A few years went by, and Defendant and his wife sold Pots and Shots for $137,500 in April 2024. (*Id.* at ¶ 33.) Approximately three months later, Defendant filed for bankruptcy. (*Id.* at ¶ 34.) On his bankruptcy petition, Defendant continued his pattern of deception. He didn't just lowball his income, he denied that he and his

wife had *any* income within the past two years. (*Id.* at ¶¶ 35, 37.) He conveniently didn't report owning a business within the past four years, despite having just sold a business three months prior. (*Id.* at ¶¶ 31-33, 35.) And he generically listed one U.S. Bank checking account despite having several business and personal bank and credit union accounts—including accounts for both Allied Exteriors and Pots and Shots. (*Id.* at ¶¶ 35, 38.)

The result of Defendant's false statements on his bankruptcy filings was to hide hundreds of thousands of dollars in cash withdrawals, the proceeds from the sale of Pots and Shots, and thousands more sitting in Defendant's bank accounts. (*Id.* at ¶ 39.) Defendant's decisions to lie about his assets weren't a mistake or an oversight. He later claimed during a creditor meeting that he had "sold" his ownership in Pots and Shots to his wife for $1. (*Id.* at ¶ 31.) He purposefully chose not to disclose accounts connected to Pots and Shots and Allied Exteriors. (*Id.* at ¶ 38.) And of course, he knew he had earned significant income and was actively earning income at the time he filed for bankruptcy. (*Id.* at ¶¶ 37, 102-105.)

Defendant's fraud and lies were compounding and went on for years. A sentence of 38 months, followed by a term of supervision of 3 years is sufficient but not greater than necessary.

## IV. Conclusion

For the foregoing reasons, the government respectfully requests the Court sentence Defendant to 38-months' imprisonment followed by a 3-year term of supervised release.

Respectfully submitted,

David C. Waterman
United States Attorney

By: */s/ Joseph H. Lubben*
Joseph H. Lubben
Assistant United States Attorneys
Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Joseph.Lubben@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2026, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

U.S. Mail    Fax    Hand Delivery

X ECF/Electronic filing    Other means

UNITED STATES ATTORNEY

By: */s/ Kyle Maynard*
Paralegal Specialist